ORDERED in the Southern District of Florida on _____

AUG 27 2008



_A. Jay Cristol_, Chief Judge Emeritus
United States Bankruptcy Court

## UNITED STATES BANKRUPTCY COURT
## SOUTHERN DISTRICT OF FLORIDA
### Miami Division

IN RE:                                           CHAPTER 13

JANET DORIS VERNELL                              CASE NO. 07-15396-BKC-AJC
LOUIS VERNELL, JR.,

      Debtors.
_____/

### MEMORANDUM DECISION GRANTING DEBTORS' FORMER COUNSEL'S MOTION TO REDUCE AGREED ORDER ALLOWING FEES TO FINAL JUDGMENT

THIS CAUSE came on before the Court for a continued hearing on June 17, 2008 on the *Debtors' Former Counsel's Motion to Reduce Agreed Order Allowing Fees to Final Judgment*, and upon the responses filed thereto by Louis Vernell, Jr. and Arthur W. Tifford, Esq. At the hearing, the Court considered the arguments presented by D. Jean Ryan, Esq., Louis Vernell, Jr. and Arthur W. Tifford, Esq. and at the conclusion of said hearing the Court entered its Order To Determine Debtors' Former Counsel's Motion To Reduce Agreed Order Allowing Fees to Final Judgment, dated June 23rd, 2008 (CP #227). By virtue of the June 23rd, 2008 Order, D. Jean

1

Ryan and Louis Vernell, Jr. were directed to meet within ten (10) days to try and amicably resolve the issues between them. If the parties were not able to reach an amicable resolution, then the parties were directed to either attend mediation or each of the parties (ie. Ms. Ryan and Mr. Vernell) were to submit their proposed Memorandum Decisions setting forth the basis of their arguments and the reasons for entry of an Order in their respective favor, no later than July 28, 2008. Mr. Tifford was not included in these matters as he had stated on the record at the June 17th hearing that he would stand behind his promise to Ms. Ryan.[1] On June 30, 2008, Ms. Ryan filed and served her Notice of Impasse stating that the parties had met as directed on June 26th, 2008 but were unable to reach an amicable resolution. Accordingly, the parties submitted their proposed Memorandum Decisions for consideration, as directed by this Court.

Upon review of the proposed Memorandum Decisions submitted, the Court finds that it is appropriate to **GRANT** the Debtors' Former Counsel's Motion to Reduce Agreed Order Allowing Fees to Final Judgment, and will enter Judgment accordingly, based upon the following analysis.

---

[1] Except from Transcript of June 17th, 2008 hearing:
THE COURT: Thank you. Mr. Tifford, you wish to be heard?
MR TIFFORD: Yes, Your Honor. I do. I don't care what's in the particular language of the retainer agreement. I discussed with Ms. Ryan protecting her fee, in addition to paying, lending money to the debtors in some form in order to pay the retainer she needed to get into the job.
Ms. Ryan and I discussed early on that this was going to be complicated, complex work intensive engagement, and when she asked for some assurance that if additional fees were due, they would be covered, I gave her that assurance. And I will not recede from my word to her.
So whatever the Court decides to be the ultimate number to which Ms. Ryan is entitled, I will stand behind my promise to her as one attorney to another. And I say these words as an officer of the Court.

D. Jean Ryan, Esq. ("Counsel") filed, on an emergency basis, a voluntary petition under Chapter 13 of Title 11 of the United States Code (the "Bankruptcy Code") on behalf of Louis Vernell, Jr. and Janet Doris Vernell, his wife, ("Debtors") on July 11, 2007.

The Court Docket reflects that on July 26, 2007 Counsel filed her Disclosure of Compensation (CP # 14) and her Motion to Authorize Amount and Source of Payment of Initial Retainer to Debtors (CP #18). In this motion, Counsel set forth a general outline of the many issues anticipated in this case and stated that, following meetings with the clients, a **minimum** of a $5,000 **initial** fee retainer and an **initial** $500.00 cost retainer would be required for this representation. The pleading went on to state that Arthur W. Tifford, Esq. funded the initial fee and cost retainer. This motion sought Court approval of the fees and costs paid by others, as the amounts charged for this representation were outside the "no look" fees generally authorized by this Court for the filing of Chapter 13 cases.

Many of the issues brought before this Court in this Chapter 13 case have been heavily contested. Counsel readily concedes that Mr. Vernell, himself a former attorney admitted to practice in this state, prepared a large number of the documents, and that she, as Counsel, would merely review and advise as to the proper form and manner in which such items were to be prepared and served, in keeping with the guidelines of this Court. The Court recognizes that Mr. Vernell's work had value, and if Counsel had to prepare the work *ab initio*, legal fees due her in this case may be substantially increased.

At some point in time, differences arose between Counsel and the Debtors, and on December 4, 2007, Counsel filed an Emergency Motion to Withdraw as Attorney of Record and her Application for Compensation (CP #108). Attached to the Application, in accordance with

the requirements of this Court, was an itemized listing of all the legal time and expenses incurred by Counsel in this case. The emergency motion to withdraw was first set for hearing on December 6, 2007 (CP #109). By Order dated December 11, 2007, Counsel was permitted to withdraw as attorney of record (CP #118) but the Application for Award of Fees and Costs Incurred (the "Application") was continued to January 31, 2008. However, due to other pending issues in this case, on January 30, 2008 an Order was entered (CP #153) continuing the hearing on the Application to February 28, 2008.

Thereafter, on February 28, 2008, an *Agreed Order Allowing Fees* was entered, after the settlement was announced in open court. (CP#166). No timely appeal of this order was filed.

On April 9, 2008, Counsel filed her Motion to Reduce Agreed Order Allowing Fees to Final Judgment (CP #183). This motion was first noticed for hearing on May 13, 2008 (CP #185). The Debtors filed a Motion to Strike Ryan's Notice of Hearing and/or To Abate or Dismiss Proceeding (CP #203), and an amended Motion to Strike (CP #207). Arthur W. Tifford, Esq. followed suit and filed his motion to continue the hearing and joinder in the Debtors' motion to strike. (CP #209). The Debtors' amended motion to strike (CP #207) was denied by Court Order dated May 14, 2008 (CP #211); and on May 29, 2008, an Order was entered continuing the hearing on the pending motion to reduce the agreed order allowing fees to judgment, to June 17, 2008 (CP #215). Thereafter another objection and response was filed by the Debtors on June 6, 2008, (CP#220). A hearing was ultimately conducted on this matter on June 17, 2008.

At the June 17th hearing, Mr. Vernell contended that the Court lacked jurisdiction to consider this matter because the Debtors have appealed the order dismissing this case and that

4

appeal is still pending. However, the Court ruled at the hearing that, although the Court was without jurisdiction as to the subject matter of the appeal, the Court retained inherent jurisdiction over the case, and therefore over this pending issue, which is a discreet matter that is separate and distinct from the subject matter of the appeal.

The issue remaining before the Court is whether there are any grounds to deny Counsel's request to reduce that Agreed Order Allowing Fees to a final judgment, upon which Counsel may execute to enforce the terms of the Agreed Order. The Court believes the Rules provide for the relief requested and there are no grounds stated which would warrant the denial of the motion.

The Federal Rules of Bankruptcy Procedure provide for the entry of a final judgment in contested matters. Rule 9021, Fed.R.Bankr.P., provides in pertinent part:

> Except as otherwise provided herein, Rule 58 F.R.Civ.P. applies in cases under the Code. Every judgment entered in an adversary proceeding or contested matter shall be set forth on a separate document. A judgment is effective when entered as provided in Rule 5003. The reference in Rule 58 F.R.Civ.P. to Rule 79(a) F.R.Civ.P. shall be read as a reference to Rule 5003 of these rules.[2]

The relevant sections of Rule 58 Fed.R.Civ.P. further provide:

> (a) **Separate Document**. Every judgment and amended judgment must be set out in a separate document, but a separate document is not required for an order disposing of a motion:
> (1) for judgment under Rule 50(b);
> (2) to amend or make additional findings under Rule 53(b);
> (3) for attorney's fees under Rule 54[3];

---

[2] Fed.R.Bankr.P. 5003(c), as applicable here, makes provisions for the Clerk of the Bankruptcy Court to maintain a copy of every final judgment or order affecting title to or lien on real property or for the recovery of money or property, and any other order which the court may direct to be kept.

[3] The fees sought herein were awarded pursuant to 11 U.S.C. §§330 and 331 and not pursuant to 54 Fed.R.Civ.P.

5

(4) for a new trial, or to alter or amend the judgment, under Rule 59; or
(5) for relief under Rule 60.

\* \* \*

(d) **Request for Entry.** A party may request that judgment be set out in a separate document as required by Rule 58(a).

\* \* \*

The issue involving Counsel's entitlement to attorneys fees was a contested matter upon the filing of Counsel's fee application and the objections thereto. The matter was scheduled for hearing before the Court for judicial determination and disposition; but prior to the hearing, the parties resolved their disputes and ended this matter when they agreed to the submission and entry of an agreed order allowing fees to Counsel. No appeal having been taken, that order is final and the Court will not revisit the issue of allowance of fees without a showing of cause, which has not been demonstrated exists in this instance. Thus, pursuant to the Fed.R.Bankr.P. 9021, Counsel is entitled to a final judgment so that she may enforce the terms of the parties' agreement; and, neither the Debtors nor Mr. Tifford have provided this Court with legal authority to support denial of the Counsel's request, contrary to the above-stated statutory provisions.

In Debtors' post-hearing submission, they argue Counsel is not entitled to any additional fees (in excess of the $5,000.00 retainer received) because she was to have provided periodic invoices. Mr. Vernell contends there was no written or oral agreement imposing any liability or obligation, or otherwise binding the Debtor to pay Counsel any additional attorneys fees after the retainer. The Debtors' argument regarding liability is disingenuous given the fact that they and Mr. Tifford, together with D. Jean Ryan, **agreed** to the entry of the agreed order allowing

Counsel attorneys fees. Thus, whatever the dispute to the fees may have been, that dispute was resolved by agreement of the parties and will not be revisited by this Court. The Debtors and Mr. Tifford failed to take an appeal of the **agreed** order and there is no basis to reconsider the parties' agreement, so the agreed order stands.

However, Mr. Vernell's opposition to Counsel's request to allow execution on the *entire* fee award is well-taken. Per the prior agreement of the parties, as set forth in the Agreed Order, a portion of the award was subject to the occurrence of certain conditions precedent, which have not yet transpired. The agreed order provides:

> D. Jean Ryan, Esq., and the Law Firm of Ryan & Dunn, P.A., has applied for a total of $43,172.55 in attorneys fees and $842.55 in costs, as Debtors' former counsel, against which they have applied their initial $5,000 fee and $500.00 cost retainer, leaving a balance owed of $37,672.55. The Debtors and Mr. Tifford have agreed that Ms. Ryan will be paid 75% of the amounts now requested, or $28,254.42, within ten (10) days of the entry of this Order. Further, should the Vernells, or either of them, succeed in obtaining a financial recovery by final judgment or settlement from either Washington Mutual Bank or Wachovia Bank, or both of them, greater than $510,000, then, in that event, Ms. Ryan will be entitled to recover the remaining 25% of the pending application, or another $9,398.14.

Further, although this Chapter 13 bankruptcy case has been dismissed by prior Order of this Court (CP #165 and 175) that particular Order *is* the subject of a pending appeal (CP#178).

Accordingly, this Court finds that it is appropriate to enter judgment in favor of Counsel, and against Louis Vernell, Janet Vernell and Arthur Tifford, for the amounts previously awarded to Counsel, by agreement, as Debtors' former attorney in this Chapter 13 bankruptcy case, under the terms and conditions set forth in that Agreed Order Allowing Fees. However, notwithstanding the Court's allowance and final judgment, execution on that judgment as against

the Debtors, Louis and Janet Vernell, shall not issue until conclusion of the pending appeal and the final dismissal of this Chapter 13 case, or pending further Order of this Court. A separate judgment in accordance with this ruling shall be entered forthwith.

###

Form of Order submitted by D. Jean Ryan, and amended by the Court.

D. Jean Ryan
P.O. Box 561507
Miami, Florida 33256-1507
Telephone: (305) 275-2733
Facsimile: (305) 275-2732
Attorney Ryan is directed to serve a copy of this Order on the following parties and to file a Certificate of Service to the below listed parties:

Louis and Janet Vernell,
Chapter 13 Debtors
16482 NE 31st Avenue
North Miami Beach, FL 33160


Arthur W. Tifford, Esq.
1385 NW 15th Street
Miami, Florida 33125


Nancy Herkert, Chapter 13 Trustee
P.O. Box 279806
Miramar, Florida 33027


Office of the U.S. Trustee
51 Southwest First Avenue
Room 1204
Miami, Florida 33130